IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60124
Conference Calendar
_____

ALVIN LEE JACKSON,

                                        Plaintiff-Appellant,

versus

EDDIE LUCAS, Commissioner, Mississippi
Department of Corrections, ET AL.

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:94-CV-68PS
- - - - - - - - - -
August 23, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Alvin Lee Jackson appeals the dismissal of his civil rights suit.  Because Jackson did not file objections to the magistrate judge's report recommending dismissal, the factual findings therein are reviewed for "plain error or manifest injustice." Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982) (en banc).  An appellant, even one pro se, who wishes to challenge findings or conclusions that are based on proceeding at a hearing has the responsibility to order a transcript.  Fed. R. App. P.

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

10(b); <u>Powell v. Estelle</u>, 959 F.2d 22, 26 (5th Cir.), <u>cert. denied</u>, 113 S. Ct. 668 (1992).  This court does not consider the merits of an issue when the appellant fails in that responsibility.  <u>Powell</u>, 959 F.2d at 26; <u>see also</u> <u>Richardson v. Henry</u>, 902 F.2d 414, 416 (5th Cir.) (<u>pro see</u> appellant), <u>cert. denied</u>, 498 U.S. 901 (1990).

Jackson has not provided a trial transcript.  Even if a transcript were available, the credibility and weight to be given the evidence are exclusively in the province of the trier of fact.  "`An appellate Court is in no position to weigh conflicting evidence and inferences or to determine the credibility of witnesses; that function is within the province of the finder of fact.'"  <u>Martin v. Thomas</u>, 973 F.2d 449, 453 n.3 (5th Cir. 1992).  Therefore, a transcript is irrelevant because Jackson's argument regarding credibility determinations is inappropriate.  We thus decline to consider his contention on appeal.  <u>See</u> <u>Alizadeh v. Safeway Stores, Inc.</u>, 910 F.2d 234, 237 (5th Cir. 1990).

This appeal is without arguable merit and thus frivolous.  <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.

APPEAL DISMISSED.